**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

SEP 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JAMAL ADAMS, et al., | No. 19-17362 |
| Petitioner-Appellee, | D.C. No. 4:19-cv-03042-SBA |
| v. | |
| POSTMATES, INC., | MEMORANDUM* |
| Respondent-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted September 15, 2020
San Francisco, California

Before: WATFORD, FRIEDLAND, and MILLER, Circuit Judges.

The parties dispute whether petitioners have violated the arbitration agreement's Class Action Waiver. We agree with the district court that the parties' agreement clearly delegates responsibility for resolving that dispute to the arbitrator.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Section 10A.ii of the agreement states that, with one exception, "[o]nly an arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Mutual Arbitration Provision, including without limitation any dispute concerning arbitrability." The one exception, stated in section 10B.iv of the agreement, provides that any claim that the Class Action Waiver is "unenforceable, unconscionable, void, or voidable shall be determined only by a court of competent jurisdiction and not by an arbitrator." Since the dispute at issue here does not concern a claim that the Class Action Waiver is unenforceable, unconscionable, void, or voidable, the dispute does not fall within the exception stated in section 10B.iv. It is instead covered by the general command in section 10A.ii granting the arbitrator exclusive authority to resolve disputes over interpretation of the agreement.

We are not persuaded by Postmates' contention that language in section 10A.ii introduces ambiguity as to the scope of the exception provided in section 10B.iv. Postmates relies on the following sentence in section 10A.ii, which immediately follows the language quoted above: "However, *as stated in Section 10B.iv below*, the preceding clause shall not apply to any dispute relating to or arising out of the Class Action Waiver . . . , which must proceed in a court of competent jurisdiction and cannot be heard or arbitrated by an arbitrator."

(Emphasis added.) The italicized phrase makes clear that the scope of the exception requiring disputes to be resolved by a court must be determined by reference to the language of section 10B.iv itself. And, as explained above, section 10B.iv authorizes a court to resolve a dispute involving the Class Action Waiver only if the dispute involves a claim that the Class Action Waiver is "unenforceable, unconscionable, void, or voidable." The parties agree that their dispute does not fit within one of those four specified categories, so the district court correctly held that an arbitrator must decide whether petitioners have violated the Class Action Waiver. *See Kilgore v. KeyBank, N.A.*, 673 F.3d 947, 955–56 (9th Cir. 2012).

Postmates, Inc.'s Request for Judicial Notice (Dkt. No. 10) is DENIED.

**AFFIRMED.**